UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHRISTEEN M. FRIEND, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> INDYMAC BANK F.S.B.; MERS; DEUTSCHE ) <br> BANK NATIONAL TRUST COMPANY, AS ) <br> TRUSTEE OF THE HOME EQUITY ) <br> MORTGAGE LOANASSET-BACKED TRUST ) <br> SERIES INABS 2005-D UNDER THE ) <br> POOLING AND SERVICING AGREEMENT ) <br> DATED DECEMBER 1, 2005; ONEWEST ) <br> BANK, F.S.B., SUCCESSOR IN INTEREST ) <br> TO INDYMAC BANK, F.S.B., SUCCESSOR ) <br> IN INTEREST TO THE FDIC, AS RECEIVER ) <br> OF INDYMAC BANK, F.S.B., ) <br> ) <br> Defendants. ) | CIVIL ACTION No. 12-cv-40150-TSH |

**ORDER**
**January 29, 2013**

**HILLMAN, J.**

*Introduction*

This is an action arising out of foreclosure proceedings that were originally instituted in the Massachusetts Housing Court Department (Worcester Division). Before the Court is Defendants' Motion to Dismiss the Complaint under Fed. R. Civ. P. 12(b)(6) for failing to state a claim upon which relief can be granted (Docket No. 5). For the reasons set forth below, Defendants' motion is hereby **GRANTED**.

*Background*

Christeen M. Friend ("Plaintiff") purchased a home at 223 Hamilton Street, Worcester, Massachusetts on November 27, 2002 with a $247,500 loan. Compl. ¶¶ 6, 8-9. Plaintiff's loan

was secured by granting a mortgage to IndyMac Bank, FSB which she refinanced on December 5, 2005. Compl. ¶ 8. In early 2008, Plaintiff ran into financial difficulties and stopped making mortgage payments. Compl. ¶¶ 22, 24. As a result of failing to repay the loan, Plaintiff's home was foreclosed by public auction and purchased by Defendant Deutsche Bank National Trust Company ("Deutsche Bank") on September 24, 2008. Compl. ¶ 32. Plaintiff continued to live on the property, however, on December 19, 2008, Deutsche Bank served Plaintiff with a Notice to Quit. Compl. ¶ 55. After months of litigation, Plaintiff, with the assistance of counsel, signed an Agreement for Judgment that was approved by the Honorable Timothy F. Sullivan in the Housing Court Department on October 1, 2009, wherein Deutsche Bank agreed to dismiss its claim for possession in exchange for Plaintiff accepting $10,000 and vacating the property by October 31, 2009. Pl.'s Opp'n 2-3 (Docket No. 13); Def.'s Mem. Supp. Mot. Dismiss Ex. 7 (Docket No. 6-7).

*Analysis*

The Court has reviewed Plaintiff's allegations in light of the Agreement for Judgment she signed with the aid of counsel. Although this order was neither attached nor referenced by the Complaint, the Court finds that it is an authentic public document (Docket No. 6-7). For that reason, the Court refrains from converting this action into a motion for summary judgment and instead analyzes this motion under the standard Rule 12(b)(6) rubric.

Here, after drawing all factual inferences in her favor, I am compelled to find that Plaintiff's action is barred because the three essential elements of the doctrine of claim preclusion have been met. First, the parties from the present and prior actions are identical. Second, the claims in the present and prior suits are identical because they arise from the same transactions and occurrences of the foreclosure proceedings. Finally, the signed agreement for

judgment constitutes a valid and final judgment and deserves full faith and credit in this Court. *See* 28 U.S.C. § 1738. Because claim preclusion is dispositive on this Motion, there is no need to further analyze Plaintiff's allegations under Chapter 93A.

### *Conclusion*

Accordingly, Defendants' Rule 12(b)(6) Motion to Dismiss is **GRANTED**.

IT IS SO ORDERED.

/s/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**UNITED STATES DISTRICT JUDGE**